UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00672-MR

| | |
|---|---|
| SHANNON LEE DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JEREMY DANIEL PAGE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

**I.   BACKGROUND**

In this action filed on December 3, 2020, pursuant to 42 U.S.C. § 1983, pro se Plaintiff Shannon Lee Durham ("Plaintiff"), a pre-trial detainee currently incarcerated at Rowan County Detention Center in Salisbury, North Carolina, purports to bring claims arising out of events occurring in Rowan County, North Carolina. Plaintiff names eleven Defendants in this matter, all of which are either individuals or entities that reside or are located in Rowan County, North Carolina.[1] [Doc. 1 at 3, 5, 7, 9, 11]. Plaintiff alleges violations of his rights under the Fourth, Sixth, and Fourteenth Amendments of the U.S.

---

[1] Rowan County, North Carolina, is located in the Middle District.

Constitution and Sections 5, 19, and 23 of Article 1 of the North Carolina Constitution apparently relative to his arrest, prosecution, the underlying investigation, and representation provides by his attorneys. [Id. at 11, see id. at 17-43, 47-55].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Middle District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Middle District of North Carolina. The Court will transfer this

action to the Middle District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action is transferred to the Middle District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 9, 2020

Martin Reidinger
Chief United States District Judge